FILED
6/28/2022 10:24 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 166th District Court

CIT PPS M/O SAC1

CAUSE NO.: 2022CI11946

| | | |
|---|---|---|
| **ALBERT GARZA** | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |
| **VS.** | § | |
| | § | |
| **LOWE'S COMPANIES, INC.** | § | |
| **Defendant** | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, ALBERT GARZA, Plaintiff, and files this his Original Petition, complaining of LOWE'S COMPANIES, INC., Defendant, and for cause of action, states the following:

### DISCOVERY CONTROL PLAN

1.  Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under **Level 2**.

### JURY DEMAND

2.  Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Plaintiff tendered the proper jury fee with the filing of Plaintiff's Original Petition.

### RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

3.  Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's injuries, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil



Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that only monetary relief of more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or in amount to be determined by the jury, is being sought. Plaintiff reserves the right to adjust this amount as time progresses and the full nature and scope of Plaintiff's damages is determined.

## PARTIES

4. Plaintiff is an individual residing in Bexar County, Texas having an address at 4400 Horizon Hill Blvd, #1607 San Antonio, Texas, 78229.

5. Defendant is a business which does business in Bexar County, Texas under the business name Lowe's Companies Inc. It may be served with process by serving it at its listed Registered Agent's address:

**Lowe's Companies, Inc.**
Registered Agent –   Corporation Service Company DBA CSC
Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, Texas 78701

## CORRECT NAME

6. To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit, that Defendant answer in its correct legal and assumed name.

## VENUE AND JURISDICTION

7. Venue is proper in this Court by virtue of sections 15.001 et. seq. of the Texas Civil Practice & Remedies Code, because the cause of action which is the basis of this case arose in whole or in part in this county, and/or Defendant's residence or principal office is in this county. This Court has jurisdiction because Plaintiff's damages are within the jurisdictional limits of this Court.

## FACTS

### Facts and Liabilities

8. On February 27, 2021, at approximately 7:30pm, Plaintiff began to do the daily closing procedures for Lowe's #1155. The closing procedures for Lowe's #1155 were that at 7:00pm, all the barbecue pits and lawn mowers that were displayed outside, were to be brought back into the store and all available employees are to bring in these items. Plaintiff had rolled in several barbecue pits before grabbing one of the smaller barbecue pits and rolling it into the store. The smaller barbecue pit caught onto the pavement in such a way to where it flipped. The wheels of the pit catapulted toward Plaintiff's feet and trapped him. He then fell to the pavement and landed on his left side. The fall caused Plaintiff's elbow and humerus bone to become fractured. The ambulance was called, and Plaintiff was taken to the hospital via ambulance.

9. Defendant failed to provide proper equipment, help, assistance, and training to prevent injury to Plaintiff.

10. Defendant failed to provide a safe working environment for Plaintiff.



EXHIBIT C

## **NEGLIGENCE**

11. Upon information and belief, Defendant is a non-subscriber to the Texas Workers Compensation Act. Thus, Defendant is deprived of the common law defenses of contributory negligence, assumed risk, and fellow-servant rule. See Texas Labor Code Sec. 406.033(a).

12. On the occasion made the basis of this lawsuit, Defendant was guilty of certain acts, wrongs and/or omissions, each and all amounting to negligence. Said acts, wrongs and/or omissions, each and all were the cause of Plaintiff's injuries, and include, but are not limited to the following:

   a. Lack of employee training when lifting heavy items.
   b. Failure to provide assistance to Plaintiff as Defendant was aware of Plaintiff's deformed and disabled right arm.
   c. Failure to provide forklifts or duct lifts to lift equipment instead of having Plaintiff lift such items.
   d. Failure to provide dollies or hand trucks to move the boxes instead of having employees lift such.
   e. Failure to provide suction devices or other accessories that can create temporary handles to help in the lifting.
   f. Failure to act as a reasonably prudent employer would or should under the same or similar circumstances.
   g. Failure to provide a safe work environment for Plaintiff.

13. Defendant knew, or should have known, that an occasion might arise as did with Plaintiff. Defendant knew, or should have known, that Plaintiff was not trained sufficiently, and/or required assistance for different tasks. Defendant failed to adequately train Plaintiff and provide the help he required. Had Defendant adequately trained or assisted Plaintiff as required, he would not have been injured.



## WORKERS' COMPENSATION INSURANCE

14. Plaintiff has been advised by the Texas Department of Insurance that on the day of the accident made the basis of this lawsuit, Defendant was a non-subscriber as per the Texas Workers' Compensation Act. Thus, this lawsuit is permissible.

## SPOLIATION

15. Defendant is hereby put on notice of the obligation to preserve all evidence related to Plaintiff's injuries, the cause of those injuries and evidence relating to the accident. Under Texas Law, the destruction, alteration, or loss of any of the below constitutes a spoliation of evidence. Plaintiff specifically requests the following evidence be maintained and preserved and not be destroyed, modified, altered, repaired, or changed in any manner.

1. All reports relating to the incident involving Plaintiff on or about February 27, 2021.

2. All reports relating to any other incident relating to the use of the same product, used by our client for a period of one (1) year before the Accident.

3. Photographs, video, computer generated media or other recordings of the area immediately surrounding the Accident, about the Accident itself or the source which caused the Accident.

4. Any post-Accident maintenance, inspection or repair records or invoices regarding or related to the Accident.

5. Any e-mails, electronic messages, letters, memos or other documents concerning this Accident.

6. Any manuals, guidelines, rules or regulations given to employees present at the location of the accident, on the day of the Accident.



EXHIBIT C

7. Any reports, memos, notes, logs or other documents evidencing complaints about the product similar to the one which caused the Accident.

8. Any and all computer, electronic, or e-mail messages of any type created immediately after the Accident, by and between Plaintiff and Defendant, it's employees and any agents or third parties, as well as any computer messages which relate to this particular accident, whether generated or received by Defendant or Defendant's agents.

9. Any telephonic calls recorded between Plaintiff and Defendant it's employees and any agents or third parties on February 27, 2021, or any other day.

## PROXIMATE CAUSATION

16. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence/negligence per se, which approximately caused the above-referenced occurrence and Plaintiff's damages.

## TEXAS REMEDIES ONLY

17. Although Plaintiff may have claims under Federal Law, Plaintiff sues exclusively for and under Texas remedies and seeks redress only under Texas laws and jurisdiction.

## DAMAGES

18. As a result of Defendant's actions, Plaintiff has suffered emotional/mental damages, in an amount yet to be determined.

19. Plaintiff has suffered injuries and has incurred medical expenses.

20. Plaintiff has also suffered consequential damages and now seeks compensation for all such damages.

## CONDITIONS PRECEDENT

21. All conditions, if any, precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.



EXHIBIT C

## RULE 193.7 STATEMENT OF AUTHENTICATION

22. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, notice is hereby given to Defendant that any and all documents produced by Defendant may be used against her at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## RELIEF SOUGHT

23. Plaintiff requests that Defendant be cited to appear and answer, and that this case be tried, after which Plaintiff recover:

  i. Judgment against Defendant for a sum within the jurisdictional limits of this Court for the damages indicated above;
  ii. Pre-judgment and post-judgment interest at the maximum amount allowed by law;
  iii. Costs of suit; and
  iv. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

S/_____
Mario A. Rodriguez
The Rodriguez Law Firm, PC
SBN: 00784866
1111 W. Nolana Blvd.
McAllen, Texas 78504
(210) 467-5081 PH.
(956) 242-0147 FAX
Mario@RodriguezLawFirmPC.com
Anabel@RodriguezLawFirmPC.com
ARNY@RodriguezLawFirmPC.com
Carmen@RodriguezLawFirmPC.com

**ATTORNEY FOR PLAINTIFF**